Holwell, J

RECEIVED JAN -9 2012 CHAMBERS OF RICHARD J. HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SOJOURNER HARDEMAN

                                       Plaintiff,

-against-

THE CITY OF NEW YORK; New York City Police
Department Commissioner RAYMOND E. KELLY,
P.O. WILLIAM DOYLE (Shield No. 18439), P.O.
JOHN NICHOLICH (Shield No. 14585), P.O.
STEVEN CASTELLI (Shield No. 25730) P.O.
STEVEN FABB (Shield No. 31980), P.O. NIGUEL
VEGA (Shield No. 8642), P.O. ANDRES
MARTINEZ (Shield No. 2723), P.O.
CHRISTOPHER LAGOA (Shield No. 21670), P.O.
DORIS OTERO (Shield No. 3337), P.O. JOHN DOE
1 through P.O. JOHN DOE 5, SUPERVISORY
OFFICER RICHARD ROE (the names John Doe and
Richard Roe being fictitious, as their true names and
shield numbers are presently unknown), in their
individual and official capacities,

                                         Defendants.
------------------------------------------------------------X

**STIPULATION OF
SETTLEMENT AND ORDER OF
DISMISSAL**

11 Civ. 3424 (RJH)(JCF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/11/12

       **WHEREAS,** plaintiff Sojourner Hardeman commenced this action by filing a complaint on or about May 19, 2011 alleging violations of her federal civil and state common law rights; and

       **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

       **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

       **WHEREAS,** plaintiff has authorized counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants City of New York, Commissioner Raymond Kelly, P.O. William Doyle, P.O. John Nicholich, P.O. Steven Castelli, P.O. Steven Fabb, P.O. Niguel Vega, P.O. Andres Martinez, P.O. Christopher Lagoa, and P.O. Doris Otero with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff Sojourner Hardeman the sum of TWENTY THOUSAND ($20,000.00) DOLLARS, plus reasonable attorneys' fees, expenses and costs in the amount of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, in full satisfaction of all claims, including claims for costs, expenses and attorney fees in this action. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against defendants City of New York, Commissioner Raymond Kelly, P.O. William Doyle, P.O. John Nicholich, P.O. Steven Castelli, P.O. Steven Fabb, P.O. Niguel Vega, P.O. Andres Martinez, P.O. Christopher Lagoa, and P.O. Doris Otero, and to release the defendants, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees, except for claims related to an incident which occurred on or about October 24, 2010 wherein plaintiff was purportedly transported from a homeless shelter in the Bronx to a hospital ~~by unknown members of the New York City Police Department.~~

3. Plaintiff has assigned her rights to attorneys' fees, expenses, and costs to her attorney, David B. Rankin, Esq.

2

4. Plaintiff shall execute and deliver to defendant City's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

5. Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

6. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

7. Plaintiff agrees to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant City reserves the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

8. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
Jan. 6, ~~2011~~ 2012

| | |
|---|---|
| David B. Rankin, Esq.<br>*Attorney for Plaintiff*<br>Rankin & Taylor<br>350 Broadway, Suite 700<br>New York, NY 10013<br><br>By: _____<br>David B. Rankin, Esq. | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>  City of New York<br>*Attorney for defendants City of New York,<br>Commissioner Raymond E. Kelly, P.O. Nicolich,<br>P.O. Castelli, Sergeant Martinez, and P.O. Otero*<br>100 Church Street, Room 3-170<br>New York, New York 10007<br>(212) 442-0832<br><br>By: _____<br>Lisa M. Richardson<br>Assistant Corporation Counsel |

SO ORDERED: _____
RICHARD J. HOLWELL, U.S.D.J.
1/10/12